Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| IVIS INETT RUBERO PADILLA<br><br>Peticionaria<br><br>v.<br><br>VERTICAL BRIDGE TOWERS, LLC Y OTROS<br><br>Recurridos | TA2025CE00353 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2020CV02543<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Marrero Guerrero y el Juez Campos Pérez.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

El 27 de agosto de 2025, la Sa. Ivis Rubero Padilla (la "Demandante") presentó este recurso discrecional de *certiorari*[2], con el fin de que este Tribunal revise una Resolución, notificada el 30 de mayo de 2025 (la "Resolución") por el Tribunal de Primera Instancia ("TPI"), mediante la cual se denegó, en lo pertinente, una moción de sentencia sumaria presentada por dicha parte (la "Moción").

A través de la Resolución, el TPI determinó que existían 28 hechos incontrovertidos; a su vez, consignó que existían 26 hechos en controversia. En su parte dispositiva, el TPI razonó y determinó que:

> De una lectura de las solicitudes de sentencia sumaria ante nos observamos que algunas de sus propuestas de hechos eran impertinentes en cuanto a los hechos medulares del presente caso sostenidos en la demanda, no estaban apoyadas por prueba contundente o

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202301261).

[2] Juntamente con su petición de *certiorari,* la Demandante presentó una moción en auxilio de jurisdicción, mediante la cual solicitó la paralización del caso ante el Tribunal de Primera Instancia.

entraban en conflicto con disposiciones evidenciarias por lo que fueron descartadas por este foro. También nos percatamos que las partes en sus oposiciones no realizaron un esfuerzo convincente en controvertir algunos de los hechos que estaban propuestos en las solicitudes de sentencia sumaria ante nuestra consideración como tampoco analizaron con mayor detalle y profundidad hechos que establecieran con claridad y en base a pruebas por qué procedía lo solicitado en sus mociones dispositivas.

…

Debido a estas circunstancias y a las controversias de hechos existentes en el caso, los argumentos de las partes y la complejidad de la demanda entendemos que el mejor curso de acción para el presente caso es que el mismo deba examinarse con mayor integridad en un juicio en su fondo y no determinarse mediante sentencia sumaria tal como lo expusimos en la Resolución del 12 de octubre de 2023.

…

Es por esa razón que no reafirmamos en la importancia de la celebración de un juicio en su fondo donde las partes puedan examinar la prueba presentada, las declaraciones de sus testigos, así como contrainterrogar y confrontar dicha prueba para que así el tribunal pueda en su día a la mejor determinación del presente caso conforme al derecho aplicable. La urgencia de celebrarse un juicio en su fondo en este caso cobra mayor pertinencia cuando dado a los argumentos de las partes y los hechos alegado en la demanda va ser necesaria la apreciación en sala de prueba pericial debido a que las alegaciones de las partes envuelven aspectos o cuestiones técnicas

El 16 de junio (lunes), tanto la Demandante, como una de las partes demandadas, solicitaron al TPI la reconsideración de la Resolución; ambas mociones fueron denegadas por el TPI mediante un dictamen notificado el 31 de julio.

A su vez, ese mismo día (31 de julio), el TPI notificó la siguiente Orden:

No ha lugar a la solicitud de descubrimiento de prueba en cuanto a la producción de documentos sobre los permisos. El descubrimiento de prueba culminó. Se han atendido varias solicitudes de sentencia sumaria. El caso es del año 2020. Tienen 30 días finales para presentar el informe de conferencia con antelación al juicio o una estipulación.

Se apercibe que de incumplir con lo ordenado se impondrán sanciones económicas por $500.

En su petición, la Demandante plantea que la Resolución le obliga "a ir a juicio, no habiendo necesidad de uno, o en la

alternativa sin informarle debidamente qué está en controversia, qué debe probar ni el valor probatorio de la prueba que ya produjo en apoyo a su moción denegada, que sería o pudiese ser la misma prueba que usaría en juicio".

Evaluada la petición de *certiorari*, sus anejos y el tracto procesal del caso ante el foro primario, prescindiendo de la comparecencia de la parte recurrida[3], disponemos.

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[3] *Véase*, Regla 7(B)(5) del Reglamento de este Tribunal, que nos permite prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ____ (2025).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del TPI, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service,* 117 DPR 729, 745 (1986).

Evaluada la petición de *certiorari,* así como el tracto procesal del caso ante el foro primario, a la luz del derecho aplicable, este Tribunal concluye que la Demandante no logró establecer que el TPI hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, tampoco concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari.*

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari,* así como la moción en auxilio de jurisdicción presentada por la parte peticionaria.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones